UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BLITZ TELECOM CONSULTING, LLC,

     Plaintiff,

-vs-              Case No.  6:11-cv-12-Orl-31KRS

BRETT MINGO and CHRISTOPHER VAN
DE VERG,

     Defendants.

_____

## ORDER

   This matter comes before the Court without a hearing on the Motion to Dismiss or for

Summary Judgment or to Transfer to the United States District Court for Maryland (Doc. 6) filed

by the Defendants, Brett Mingo and Christopher Van de Verg, and the memorandum in opposition

(Doc. 18) filed by the Plaintiff, Blitz Telecom Consulting, LLC ("Blitz").

   Blitz, a Florida limited liability company, filed this suit in state court on November 30,

2010.  (Doc. 2 at 1).  It was removed by the Defendants, who are residents of Maryland, in January

2011.  (Doc. 1 at 1).  Blitz contends that the Defendants, who are the principals of a number of

telecommunications companies, engaged in extended discussions between August 2008 and

February 2010 with Blitz's principals regarding a future business venture.  (Doc. 2 at 5).

   According to the allegations in the Complaint, the Defendants said that they wanted to

establish a joint venture between Blitz and two companies the Defendants controlled – CoreTel

Communications, Inc. ("CoreTel") and CoreTel Florida, Inc. ("CoreTel Florida").  (Doc. 2 at 3).

The primary purpose of the joint venture would be for CoreTel and CoreTel Florida to handle

voice traffic and calls through those companies' telecommunications equipment for Blitz's customers. (Doc. 2 at 3). The Defendants represented that CoreTel and CoreTel Florida had sufficient equipment to handle the expected volume of traffic, and they sought financing from Blitz and access to Blitz's confidential information[1] to establish the joint venture. (Doc. 2 at 3). Blitz says it subsequently learned that the representations were all false, that the Defendants were attempting to defraud the company to gain access to its confidential information and its capital. (Doc. 2 at 6).

According to the Defendants, they have been having discussions and doing business with the principals behind Blitz for nearly ten years, with the individuals on both sides utilizing a number of different companies to do so. (Doc. 6 at 5). The parties had a falling out in Spring 2010, spawning two law suits that are currently being litigated in Maryland. (Doc. 6 at 7). The Defendants seek to have this suit transferred to Maryland on the grounds that (1) the matters at issue in this case are already being litigated in that one, and (2) Maryland is the most appropriate venue for a suit between these parties. In the alternative to a transfer, the Defendants seek dismissal or summary judgment on the grounds that the Plaintiff's claim is barred by the economic loss rule.

## II.    Transfer

The federal courts traditionally accord considerable deference to a plaintiff's choice of forum. However, "in the interest of justice," a district court may transfer any civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses."

---

[1]Blitz describes the confidential information as including "pricing strategies, business structures and methodology, and customer lists and accounts." (Doc. 2 at 2).

28 U.S.C. § 1404(a).  Generally under Section 1404(a), the burden is on the movant to establish

that its suggested forum is more convenient than the forum chosen by the plaintiff.  *In re Ricoh*

*Corp.*, 870 F.2d 570, 573 (11th Cir.1989) (holding that contract's venue selection clause shifted

burden to party that brought suit in other venue).  Whether a transfer is appropriate depends on

two inquiries: (1) whether the action might have been brought in the proposed transferee court and

(2) whether various factors are satisfied so as to determine that a transfer to a more convenient

forum is justified.  *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F.Supp.2d 1292, 1300 (S.D.Fla.

2002).  In considering whether a transfer is appropriate, the courts traditionally consider such

factors as (1) the convenience of the parties; (2) convenience of the witnesses; (3) the relative ease

of access to sources of proof; (4) the availability of process to secure the presence of unwilling

witnesses; (5) the cost of obtaining the presence of unwilling witnesses; and (6) the public interest.

*Cellularvision Technology & Telecommunications, L.P. v. Alltel Corp.*, 508 F.Supp.2d 1186

(S.D.Fla. 2003).

Blitz concedes that this suit could have been brought in Maryland.  (Doc. 15 at 13).

Accordingly, the Defendants need only demonstrate that other factors justify a transfer.  However,

after reviewing the parties' papers, the Court finds that the Defendants have not made the required

showing.  In this case, the convenience of the parties and convenience of the witnesses categories

overlap, as it appears that the principals on both sides are, in essence, the real parties and the most

important (if not sole) witnesses.[2]  The Defendants argue that Blitz's principals only recently

relocated to Florida, and regularly travel to Maryland for business, while they themselves only

---

[2]The Plaintiff identifies some potential witnesses who reside in Florida but provides little
information as to their scope of knowledge or the likelihood that they would be called on to testify.

travel to Florida for vacations.  The first point is not relevant to the Section 1404(a) inquiry, and the second, at best, makes it only marginally more convenient to try this matter in Maryland.  The remaining categories do not affect the outcome.  Neither side makes more than a *de minimis* argument that access to sources of proof or the ability to obtain testimony from unwilling witnesses is (a) likely to be an issue this case or (b) markedly better in the state they prefer than in the state preferred by the other party.  The fact that overall it might be slightly more convenient for the primary parties and witnesses to try this case in Maryland rather than Florida is not enough to overcome the Plaintiff's choice of forum.  Accordingly, the motion to transfer will be denied.

### III.  Economic Loss Rule

The Defendants contend that Florida's Economic Loss Rule bars the Plaintiff's claim here. The Economic Loss Rule prohibits a party from suing in tort for purely economic losses resulting from a contractual breach, except where the breach results in personal injury or property damage. *AFM Corp. v. Southern Bell Tel. & Tel. Co.*, 515 So. 2d 180, 181-82 (Fla. 1987).  Blitz contends that the Economic Loss Rule does not apply because the parties to this suit did not enter into a contract; rather, the single claim asserted in its complaint is one for fraud in the inducement.[3]  The Economic Loss Rule does not apply, even where a contract exists, to tort actions for either intentional or negligent acts considered to be independent from acts that breached the contract. *AFM Corp.* at 181.  Under Florida law, fraudulent inducement is such an independent tort, in that it requires proof of facts separate and distinct from the breach of the contract.  *HTP, Ltd. v. Lineas*

---

[3]Blitz also contends that the Defendants waived their right to seek dismissal on this basis by failing to include the Economic Loss Rule among the affirmative defenses in their answer.  Blitz provides no precedent in support of this assertion, and the Court's research has not uncovered any.

*Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996).  At least at this stage of the proceedings, the Defendants have not established that the Economic Loss Rule bars the Plaintiff's claim.[4]

  In consideration of the foregoing, it is hereby

  **ORDERED** the Motion to Dismiss or for Summary Judgment or to Transfer to the United States District Court for Maryland (Doc. 6) is **DENIED**, as set forth above.

  **DONE** and **ORDERED** in Chambers, Orlando, Florida on March 21, 2011.

              **GREGORY A. PRESNELL**
              **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[4]To the extent that the Defendants seek summary judgment on this issue, their argument is premature, and that portion of the motion will be denied without prejudice.