**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BLITZ TELECOM CONSULTING, LLC,**

    **Plaintiff/Counter Defendant,**

-vs-                                                      Case No. 6:11-cv-12-Orl-31KRS

**BRETT MINGO and CHRISTOPHER VAN DE VERG,**

    **Defendants/Counter Claimants.**

_____

## ORDER

This matter comes before the Court on the Motion to Dismiss Counterclaim or, in the alternative, for Summary Judgment (Doc. 32) filed by the Plaintiff, Blitz Telecom Consulting, LLC ("Blitz"), the response (Doc. 34) filed by the Defendants, Brett Mingo and Christopher van de Verg, and the reply (Doc. 35) filed by Blitz.

On April 27, 2011, the Defendants amended their Answer (Doc. 22) to add a Counterclaim (Doc. 29) regarding a promissory note. According to the allegations set forth in the Counterclaim, the Defendants and an entity they controlled, CoreTel Communications, Inc. ("CoreTel"), borrowed $250,000 from Blitz. On February 25, 2009, the Defendants and CoreTel executed a promissory note in favor of Blitz that required them to repay that principal amount plus $16,320 in interest, a total of $266,320. (Doc. 6-5 at 1). By the terms of the note, that sum was "due and payable" on March 1, 2011. The note provided that in the "Event of Default," the Defendants and CoreTel agreed to the entry of a confessed judgment against them by Blitz. Among other things,

the note defined, as an Event of Default, "the failure by Borrowers to pay any principal or interest on this Note after the same becomes due within ten (10) days after receipt of a written notice from Lender."

The Defendants allege that Blitz sent them the written notice on March 2, 2011, and they paid the note in full on March 11, 2011. Although this was prior to the expiration of the ten-day grace period established in the note, Blitz filed a complaint for confessed judgment on March 16, 2011 in state court in Maryland. Six days later, the Maryland court entered the confessed judgment. On April 6, 2011, Blitz filed a notice of dismissal; however, according to the Defendants, this was ineffective because judgment had already been entered. In the counterclaim, the Defendants assert that the filing of the confessed judgment complaint constituted negligence (Count I) and a breach of the note (Count II).

Blitz argues that the Court should abstain from exercising jurisdiction over the counterclaim as the Defendants' sole remedy is a motion for fees and costs pending in the Maryland case. (Doc. 32 at 8-12). Based on the Defendants' response, which Blitz does not dispute, the Maryland court has already vacated the judgment and awarded the Defendants $3,000 under the state's counterpart to Fed.R.Civ.P. 11. (Doc. 34 at 3). As the Maryland proceedings have concluded, there is nothing for this court to abstain in favor of.

Next, Blitz argues that the breach of contract claim should be dismissed because it did not breach any specific provision of the note, and Maryland law does not recognize a cause of action for breach of the implied covenant of good faith.[1] The Defendants point to a number of things

---

[1] The note provides that it is governed by Maryland law.

Blitz did (or allegedly did), which the note did not give it the right to do, such as filing the confessed judgment without a default having occurred, or demanding payment before the date established in the note. But showing that a party took actions not authorized by a contract is the not same thing as showing that the party breached a contract. The Defendants are unable to point to any express or implied term of the note that was violated by Blitz's actions. Accordingly, the breach of contract claim will be dismissed with prejudice.

Relying on Maryland law, Blitz argues that the negligence claim should be dismissed because, as a lender, it owed no duty to borrowers such as the Defendants. Blitz is incorrect. It is true that, under Maryland law as under Florida law, the relationship of a lender to a borrower is ordinarily contractual in nature and does not give rise to a fiduciary duty on the part of the lender. *See, e.g.*, *Parker v. Columbia Bank*, 604 A.2d 521, 535 (Md. App. 1992) (stating same and holding that, absent special circumstances, bank had no duty to monitor builder's progress to protect borrowers' interests). The Defendants are not asserting that Blitz owed them a fiduciary duty, or any duty arising out of the note or the lender-borrower relationship. The duty allegedly breached by Blitz arose out of the company's filing of a confessed judgment and would have been owed to anyone sued in such a manner. The fact that the Defendants had borrowed money from Blitz is not relevant. The motion to dismiss the negligence claim will be denied.[2]

Finally, Blitz argues that the counterclaim should be dismissed because it was filed as a standalone document, rather than as part of the Defendants' answer. The Defendants' answer (Doc. 22) was filed in state court prior to removal, and the counterclaim (Doc. 29) was filed after

---

[2] Blitz also argues that its actions were not negligent, but the evidence does not establish the absence of a genuine issue of material fact as to this point.

the Court granted the Defendants leave to amend their pleading. (Doc. 28). It would have been the better practice to combine the counterclaim and the answer into a single filing, rather than filing the counterclaim separately. However, it is clear that the Defendants intended to add the counterclaim to its pleading, rather than substitute it in place of that pleading, and the Court will not elevate form over substance.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss Counterclaim or, in the alternative, for Summary Judgment (Doc. 32) is **GRANTED IN PART AND DENIED IN PART**. The Defendant's counterclaim for breach of contract is **DISMISSED WITH PREJUDICE**. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 30, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party